IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IVAN CERNA, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. CR 08-0730 WHA<br><br>**ORDER DENYING DEFENDANT CASTILLO'S MOTION TO SEVER AND FINDINGS RE FAILURE TO BRING CASTILLO TO MARCH 17 HEARING** |

　　　　Defendant Wilbert Castillo has filed a severance motion. This order denies the severance motion but grants defendant Castillo the limited relief described herein. Castillo was indicted on October 16, 2008, but was not apprehended until four months later. Counsel was appointed on February 25, 2009. A case management order issued shortly after a March 17 hearing thereon. It is now early May 2009. The trial date has been set so far away (January 10, 2010) that counsel has adequate time to prepare regardless of the accused having been apprehended after the other alleged gang members.

　　　　The only relief from the final scheduling order that the Court finds justified is to give defendant Castillo and his attorney Bell an additional four weeks on all dates related to stage one motions. Therefore, defendant Castillo's stage one motions shall be due **JUNE 10, 2009**; the government's brief in opposition shall be due **JUNE 24, 2009**; and defendant Castillo's reply shall be due **JULY 1, 2009**. A hearing on defendant Castillo's stage one motions, if any, shall be held **JULY 8, 2009, AT 2:00 P.M**.

　　　　No other defendant should ask that their stage one motions be delayed on the ground that the Court may be hearing a similar motion by defendant Castillo a few weeks later. The

1  Court will rule on the merits of all motions made based on the record of each motion.  No other
2  continuances are warranted for stage two motions or any dates thereafter, given that Castillo
3  and Attorney Bell have been in the case long enough to prepare for those deadlines.

4        On another matter, Wilbert Castillo was not brought to the March 17 hearing by the
5  marshals.  Due to the large number of defendants and their equally large number of counsel, the
6  Court went forward with the hearing anyway and advised Castillo's counsel, Frank Bell, that he
7  could ask for a separate hearing for his client to go over any ruling to which he objected.  After
8  the hearing, the scheduling order was issued which was the main focus of the hearing.  That
9  order specifically stated that Attorney Bell could have additional time to consult with his client
10 and file any objection to any aspect of the scheduling order.

11       Of course, every accused has the right to be present at every stage in the proceeding, at
12 least as to substantive hearings.  Putting aside the fact that the hearing turned out to discuss
13 scheduling only, the customary procedure nevertheless should be to have any interested
14 defendants present.  Upon subsequent inquiry by the undersigned, the Clerk's office has
15 determined that the SNAFU occurred for the following reasons.  As stated, defendant Castillo
16 was arrested about three weeks before the March 17 hearing.  At the detention hearing before
17 the magistrate judge, counsel told that deputy clerk that defendant Castillo was "already set to
18 appear" before the undersigned.  This comment was not accurate.  Nonetheless, this comment
19 then went into the minute order, which was then forwarded to the courtroom deputy for the
20 undersigned, who did not add defendant Castillo to the list of defendants to be brought in by the
21 marshal, evidently believing that the old list was adequate.  The redundant double checks
22 typically used, which will not be set forth herein, also failed to catch the omission.  Based on
23 the foregoing, the Court finds that the SNAFU resulted from a good-faith human error and that
24 it resulted in no prejudice to defendant Castillo.

26     **IT IS SO ORDERED**.
27 Dated: May 6, 2009.

                             WILLIAM ALSUP
                             UNITED STATES DISTRICT JUDGE